

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 22, 1968

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M- 262

Re:  Whether the State Board
of Education has the au-
thority to make an adjust-
ment in the economic index
and/or local fund assign-
ment of Hill County, and
related question.

Dear Dr. Edgar:

You have requested the opinion of this office regard-
ing the above matter and in this connection have provided us
with the following:

"The 1968-69 /Economic7 index determined for Hill
County (.169) reflects a 13.4 percentage increase
over its index for 1967-68. This results in an ap-
proximate $39,000 increase in the local fund assign-
ment to Hill County for 1968-69, which comprises
twelve school districts. An estimated $6,000 of
this increase in local fund assignment is attribut-
able to the increase in the cost of the Foundation
School Program from $154.8 million in 1967-68 to
$159.6 million for 1968-69. The remaining increase
is quite probably attributable in large part to the
location and operation of the Neuhoff Brothers Feed
Lot in Hill County beginning 1962, and the inclusion
of the sales of its products, (as an agricultural-
farm operation) in the U.S.D.A.'s 1964 Census of
Agriculture and its Statistical Reporting Service,
Texas Crop and Livestock Reporting Service, for
the years 1964, 1965, 1966--the most current federal
and/or state statistics available.

"Because of the unusual increase in its economic
index for 1968-69 and further increases anticipated
in 1969-70 occasioned in large part by such Neuhoff
feeder operations, a brief (dated May 21, 1968) in

- 1268 -

the nature of a report and application was
filed on behalf of the twelve school districts
in Hill County asking me and the State Board
of Education for relief; viz., an adjustment
in their economic index. It sets out the
reasons, grounds and reviews the laws and au-
thorities submitted in support of the request.
Transmitted herewith is a copy of that brief
which is self-explanatory.

" . . .

"On motions duly made and voted, the State Board
of Education has directed me, in connection there-
with to submit and request an opinion from your
office on the following questions:

"1. Does the State Board of Education (Texas Edu-
cation Agency) have the authority to make an ad-
justment in the economic index and/or local fund
assignment of Hill County?

"2. In making an economic index adjustment or in
computing an original index does the State Board
of Education have the right to determine that a
cattle feed lot is an industrial operation rather
than agriculture, and accordingly direct an ad-
justment by deletion of the income figured on
the feed lot (as best it can be determined) from
Agriculture income totals used in computing the
index?"

Section 3, Article 2922-16, Vernon's Civil Statutes, re-
quires the State Commissioner of Education to calculate an eco-
nomic index for all the counties in this State subject to the
approval of the State Board of Education.

As we understand the facts, the Commissioner of Educa-
tion compiled the economic index, which was approved by the
State Board of Education in March of this year; and the School
Districts of Hill County have made an application to the Commis-
sioner and the Board for an adjustment of the index, alleging
that such index as to Hill County is inequitable and does not
accomplish the plan and purposes contemplated by Article 2922-16.
Your first question inquires as to the authority of the State
Board of Education to make an adjustment in the economic index
and/or local fund assignment of Hill County.

Under the facts, it is the opinion of this office that until such time as State funds are distributed to the respective school districts in the State for the current year, the Board has the authority to make such an adjustment. The action heretofore taken with regard to the index is not final in the sense that it cannot be modified or adjusted by the Board if the Board deems such modification or adjustment proper in order to accomplish equity and to carry out the true legislative intent. 2 Am.Jur.2d 290, Secs. 483-484, Administrative Law; 2 Am.Jur.2d 330, Secs. 522-523, Administrative Law; Superior Oil Co. v. Board of Trustees of Magnolia Independent School District, 410 S.W.2d 504 (Tex.Civ.App. 1966, writ ref. n.r.e.)

In computing the economic index under Article 2922-16, Section 3, the Board is confined to data taken from the most recently available official publications and reports of Federal and State agencies. Although being thusly confined, it is the opinion of this office that the Board may consider any official State or Federal publications or reports; and if the Board deems it proper or necessary in considering the question of an adjustment, it has the authority to arrange for and make available to itself other and further such official reports and publications as it may deem necessary in order to properly and wisely make its decisions. This same principle is true with regard to the compilation of economic indices in the future.

In regard to your second question concerning whether you might classify some of the business activities in a different category, it is our opinion that a cattle feed lot business may not be legally classified industrial rather than agricultural. Webster's Third New International Dictionary defines agriculture as follows:

"Agriculture:

"1(a): The science or art of cultivating the soil, harvesting crops, and raising livestock, tillage, husbandry, farming.

"(b): The science or art of the production of plants and animals useful to man and in varying degrees the preparation of these products for man's use and their disposal (as by marketing)."

The Supreme Court of Kansas held in the case of Fields v. Anderson Cattle Company, 396 P.2d 276 (1964), that a cattle feed lot was agricultural in nature rather than industrial. We have been unable to find any authority to the contrary.

## SUMMARY

Under the circumstances, the State Board of Education has the authority to make an adjustment in the economic index and/or local fund assignment of Hill County before a disbursement of State Funds has been made. In compiling the economic index and in considering future economic indices, the Board is confined to data from the most recently available official reports and publications of State and Federal agencies, but the Board may arrange for such other and further reports and publications as it may deem necessary.

The Board does not have the authority to classify a cattle feed lot as an industrial operation rather than agricultural.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Brock Jones
John Reeves
Ralph Rash
Roger Tyler

A. J. CARUBBI, JR.
Executive Assistant